UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Latoya Gathers,<br>      Plaintiff,<br><br>      v.<br><br><br>MasterCorp, Inc.,<br>      Defendant. | CASE NO.: 2:12-cv-698-PMD-BM<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

**ONE:** This suit is brought and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under 42 U.S.C. §1981 and Title VII of the Civil Rights Act of 1964 .

**TWO:** All conditions precedent to jurisdiction under § 706 of Title VII, 42 U.S.C. §2000e-5, 42 U.S.C. §1981 have occurred or been complied with.

    a.    The Plaintiff filed a charge of employment discrimination on the basis of racial discrimination, retaliation and unequal pay with the U.S. Equal Employment Opportunity Commission ("EEOC").

    b.    Notification of the Right to Sue was received from the EEOC on or about December 19, 2011.

    c.    This Complaint has been filed within 90 days of receipt of the EEOC's Notice of Right to Sue.

**THREE:** The Plaintiff, Latoya D. Gathers, is a citizen and resident of the State of South Carolina, and resides in Charleston County, South Carolina.

**FOUR:** All discriminatory employment practices alleged herein were committed within the State of South Carolina.

**FIVE:** The Defendant, MasterCorp, Inc., is upon information and belief, a is a Tennessee corporation organized and doing business in the State of South Carolina located at 114 Jungle Road, Suite E., Edisto, SC 29438.

**SIX:** The Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

1

**SEVEN:** The Defendant is a member of an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

**EIGHT:** The Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

**NINE:** The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

**TEN:** Prior to November 2010, the Plaintiff worked for the Service Company as a supervisor for housekeeping at the Wyndham Ocean Ridge Resort in Edisto, SC.

**ELEVEN:** In November 2010, the Defendant took over the contract at the Wyndham Ocean Ridge Resort previously held by the Service Company.

**TWELVE:** On or about November 8, 2010, the Plaintiff and the Defendant, their agents and employees, entered into a contract whereby the Defendant employed the Plaintiff to begin work at that time for an indefinite term.

**THIRTEEN:** The Defendant had a handbook in place, said handbook created a contract between the Plaintiff and the Defendant for employment.

**FOURTEEN:** The Plaintiff signed a number of documents when she was hired and she entered into a contract of employment. The contract indicated she would be paid for working. The Plaintiff performed her contract obligations and despite that fact she was discharged.

**FIFTEEN:** On the day the Defendant took over the previous company, the Plaintiff was demoted from supervisor for housekeeping to a housekeeper position.

**SIXTEEN:** The Plaintiff worked as a housekeeper for the Defendant at the Wyndham Ocean Ridge Resort located in Edisto, SC.

**SEVENTEEN:** The Plaintiff was subjected to harassment and racial discrimination beginning November 8, 2010, and continuing until she was discharged on or about March 20, 2011.

**EIGHTEEN:** The Plaintiff applied for a supervisor position with the Defendant when she was hired, but was demoted anyway.

**NINETEEN:** The area manager for the Defendant, Carolina Hernandez, informed the Plaintiff she would need to work as a cleaner first.

**TWENTY:** The Plaintiff was efficient and effective in her work.

2

**TWENTY-ONE:** Approximately three weeks later, Ms. Hernandez asked the Plaintiff if she wanted to be a supervisor and if so to come in on her day off to train.

**TWENTY-TWO:** When the Plaintiff arrived to train to become a supervisor, Ms. Hernandez cancelled the Plaintiff's training for no reason and asked the Plaintiff to help clean rooms instead since she was already there.

**TWENTY-THREE:** The Plaintiff asked Ms. Hernandez when she could reschedule her training for becoming a supervisor but Ms. Hernandez ignored the Plaintiff's request.

**TWENTY-FOUR:** The Plaintiff observed several individuals of Mexican heritage immediately get hired with the Defendant as supervisors without having to clean first, even though the Plaintiff was informed by the Defendant that it was policy for all supervisors to be housekeepers first.

**TWENTY-FIVE:** The Plaintiff contacted the Defendant's home office to inform them about the discrimination and disparate treatment on numerous occasions speaking with both Julia Kriz, Human Resource Specialist with the Defendant, and Robin, also in the Human Resources Department with the Defendant.

**TWENTY-SIX:** Even though the Plaintiff informed the Defendant's of the discrimination and disparate treatment, the Defendant did nothing to correct the problem.

**TWENTY-SEVEN:** The Defendant continued to replace black employees with individuals of Mexican heritage.

**TWENTY-EIGHT:** Despite her reporting the inappropriate behavior, the Defendant did not take appropriate action to resolve the discrimination.

**TWENTY-NINE:** The Plaintiff was discharged on or about March 20, 2011.

**THIRTY:** The Defendants discriminated against and retaliated against the Plaintiff on the basis of her race (African American).

**THIRTY-ONE:** It was the duty of the Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Violation of Civil Rights/Racial Discrimination: Title VII

**TWENTY-FOUR:** The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

**TWENTY-FIVE:** The Plaintiff is a member of a protected group on the basis of her race (African American). The Plaintiff was retaliated against and terminated based on her race and

color in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

**TWENTY-SIX:** The Defendant's stated reasons for preferential treatment, retaliation, and wrongful discharge were a mere pretext for the discrimination against the Plaintiff based on her race or color.

**TWENTY-SEVEN:** The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

   a.   In failing to continue to employ the Plaintiff due to her race or color; and

   b.   In showing preferential treatment by treating other non- African American employees with preferential treatment.

**TWENTY-EIGHT:** In failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

**TWENTY-NINE:** The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

**THIRTY:** The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff.  The Defendant violated 42 U.S.C. §1981, Title VII of the Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.), by allowing a hostile work environment to exist regarding racial discrimination in the workplace.

**THIRTY-ONE:** The aforesaid conduct of the Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 USCS §§ 2000e et seq.) and racial discrimination under 42 U.S.C. §1981.

**THIRTY-TWO:** The Plaintiff's race and color were a determining factor in the retaliation, disparate treatment, and wrongful discharge of the Plaintiff.  But for the Plaintiff's race and color, she would have not been demoted, or terminated.

**THIRTY-THREE:** As a direct and proximate result of the Defendant's discrimination on the basis of race or color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

**THIRTY-FOUR:** The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses,

embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**THIRTY-FIVE:**   Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Violation of Equal Rights Under 42 U.S.C. §1981

**THIRTY-SIX:**   The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

**THIRTY-SEVEN:**   The Plaintiff is a member of a protected group on the basis of her race (African American).  All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other. The Plaintiff was retaliated against and discharged based on her race and color in violation of 42 U.S.C. §1981.

**THIRTY-EIGHT:**   The Defendant's stated reasons for preferential treatment, retaliation and wrongful discharge were a mere pretext for the discrimination against the Plaintiff based on her race or color.

**THIRTY-NINE:**   The Defendant was wanton, reckless and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a.    In failing to promote or continue to employ the Plaintiff due to her race or color;

    b.    In showing preferential treatment by treating other non- African American employees with preferential treatment;

**FORTY:**   That in failing to protect the Plaintiff from racial discrimination, preferential treatment or retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under 42 U.S.C. §1981, the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

**FORTY-ONE:**   The Defendant violated 42 U.S.C. §1981, the South Carolina Human Affairs Law and the Equal Employment Opportunity Act by allowing the racial discrimination, preferential treatment, and retaliation to exist in the workplace.

**FORTY-TWO:**   The Defendant's wrongful actions as set forth aforesaid constituted a hostile work environment for the Plaintiff.  The Defendant violated 42 U.S.C. §1981, by allowing a hostile work environment to exist regarding racial discrimination in the workplace.

**FORTY-THREE:**   The aforesaid conduct of the Defendant, their agents, servants and employees violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of racial discrimination under 42 U.S.C. §1981.

**FORTY-FOUR:**   The Defendant's wrongful discrimination, preferential treatment and inappropriate behaviors as set forth aforesaid constituted racial discrimination against the Plaintiff which constitutes a violation of clear mandate of public policy of the State of South Carolina.

**FORTY-FIVE:**   The Plaintiff's race and color were determining factors in the retaliation, disparate treatment and wrongful discharge of the Plaintiff.  But for the Plaintiff's race and color, she would not have been discharged.

**FORTY-SIX:**   As a direct and proximate result of the Defendant's discrimination on the basis of race, color, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

**FORTY-SEVEN:**   The Defendant's discrimination the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, pain and suffering, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

**FORTY-EIGHT:**   Due to the acts of the Defendant, their agents, servants and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, reinstatement of benefits and front pay and attorney fees and costs.

### FOR A THIRD CAUSE OF ACTION
### Breach of Contract

**THIRTY-TWO:**   The Plaintiff repeats and reiterates the foregoing allegations as though repeated herein verbatim.

**THIRTY-THREE:**   The Defendant had a handbook in place, said handbook created a contract between the Plaintiff and the Defendant for employment.

**THIRTY-FOUR:**   The Plaintiff signed a number of documents when she was hired and she entered into a contract of employment.  The contract indicated she would be paid for working.  The Plaintiff performed her contract obligations and despite that fact she was terminated.

**THIRTY-FIVE:**   The Defendant breached the contract of employment between the Plaintiff and the Defendant.

**THIRTY-SIX:**   That as a direct and proximate result, the Plaintiff has suffered a loss of income and benefits, she has been deprived of contractual rights conferred by the aforesaid contract, and that has been otherwise injured and damaged in such amount as a judge and jury may determine.

**REQUEST FOR RELIEF**

**THIRTY-SEVEN:**   The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

**THIRTY-EIGHT:**   Due to the acts of the Defendant, the Plaintiff suffered great emotional and mental distress, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

**THIRTY-NINE:**   That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, the Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against the Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorneys fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against the Defendant with back pay and associated benefitss she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against the Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against the Defendant for embarrassment, humiliation, loss of enjoyment of life and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against the Defendant, in such an amount of actual damages, punitive damages, attorney fees, costs of this action an any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM**

 s/Jarrel L. Wigger
Jarrel L. Wigger  (Fed. I.D. # 6345)
Attorney for Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
Telephone:     (843) 553-9800
Facsimile:     (843) 553-1648

North Charleston, South Carolina
This 9th Day of March, 2012

7